| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re                                                                      :<br>                                                                                 :<br>                                                                                 :<br>S.W. BACH & COMPANY,                                       :<br>                                                                                 :<br>                                     Debtor.                           :<br>------------------------------------------------------------x<br>                                                                                 :<br>ALBERT TOGUT, as Chapter 7 Trustee of        :<br>S.W. BACH & COMPANY,                                       :<br>                                     Plaintiff,                          :<br>                                                                                 :<br>                           - against -                                   :<br>                                                                                 :<br>RBC DAIN CORRESPONDENT SERVICES,        :<br>A DIVISION OF RBC DAIN RAUSCHER INC., :<br>RBC CAPITAL MARKETS CORPORATION       :<br>(f/k/a RBC DAIN RAUSCHER, INC.), ANDREW  :<br>GARRETT, INC., SCOTT SHAPIRO and JAS       :<br>MANAGEMENT,                                                       :<br>                                                                                 :<br>                                     Defendants.                    :<br>                                                                                 :<br>------------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br><br><br>Chapter 7<br> Case No. 07-11569 (MG)<br><br><br><br><br><br><br>Adv. Proc. No. 09- 01278(MG) |

**OPINION AND ORDER CONCERNING DISCOVERY MOTIONS BY THE
CHAPTER 7 TRUSTEE AND ANDREW GARRETT, INC.**

*A P P E A R A N C E S:*

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, NY 10119
 By:    Steven S. Flores, Esq.

LAW OFFICES OF JOSEPH M. HEPPT
*Attorneys for Defendant Andrew Garrett, Inc.*
260 Madison Avenue, 21st Floor
New York, NY 10016
 By:    Joseph M. Heppt, Esq.

1

**MARTIN GLENN**
**United States Bankruptcy Judge**

      Pending before the Court are two motions relating to discovery in this case. (ECF #s 94, 95.) In one motion, the chapter 7 trustee ("Trustee") moves for a two week extension of the cutoff date for fact discovery currently set to expire on February 26, 2010. (ECF # 94.) The Trustee argues that he needs more time for discovery because of defendant's delay in responding to discovery. Defendant Andrew Garrett, Inc. ("AGI") disputes the Trustee's arguments for why the Trustee should be given more time for fact discovery (since the Trustee blames the need for more time entirely on AGI's failure to timely respond to discovery), but AGI nevertheless joins the request for an extension of the discovery cutoff date. (ECF # 97.) In the second motion, AGI moves to withdraw its deemed admissions to the Trustee's Requests for Admissions resulting from AGI's untimely responses. (ECF # 95.) AGI argues that the presentation of the merits will be promoted and the Trustee will not be prejudiced by permitting withdrawal of the admissions. The Trustee argues that he will be prejudiced because fact discovery is about to close. (ECF # 96.) The Court heard argument on both motions on February 23, 2010. For the reasons explained below, AGI's motion to withdraw its admissions is denied, except as to the admissions to Requests for Admissions 10 and 11 which call for legal conclusions as to the ultimate issues in the case. The Trustee's motion, supported by AGI, to extend the fact discovery cutoff date is likewise denied, except that the parties may take and complete the deposition of *pro se* defendant Scott Shapiro on or before 5:00 p.m., Friday, March 5, 2010.

## BACKGROUND

Neither the Trustee nor AGI comes to their arguments with entirely clean hands. The initial fact discovery cutoff date in this case was January 20, 2010, established in a Case Management and Scheduling Order dated September 22, 2009 (ECF # 28). The Court has held numerous conferences in this case reviewing the status of discovery; discovery disputes were raised and promptly resolved by the Court. On January 11, 2010, at the request of the parties, based on what appeared to be the parties' good faith efforts to complete all remaining fact discovery, the Court entered an amended Case Management and Scheduling Order extending the cutoff date for all fact discovery until 5:00 p.m., Friday, February 26, 2010 (ECF # 84). The Court made clear at the time it extended the cutoff date to February 26, 2010, that it expected the parties to complete fact discovery by that date.

The record on these motions shows that as the fact discovery cutoff date has approached, AGI has continued to delay completing document production that should have completed months ago. Depositions that in order to be meaningful required the production of documents by AGI were delayed. In a hearing on February 17, 2010, the Court made clear that, while it would hear the motion to extend the discovery cutoff date, it expected the parties to complete document production and the depositions of AGI employees before the February 26, 2010 deadline. As a result, AGI produced approximately 42,000 pages of documents after the February 17 hearing, and the parties scheduled three depositions of AGI employees for February 24-26, 2010. (*See* Declaration of Joseph M. Heppt, Esq., dated February 22, 2010 (hereinafter "Heppt Feb. 22 Dec."), Exs. A-C; AGI's Mem. Supp. Withdraw Admis. Pursuant to FED. R. CIV. P. 36(b) and FED. R.BANKR. P. 7036(b), at ¶ 16.)

Furthermore, AGI simply ignored the deadline for responding to the Requests for Admissions propounded by the Trustee, without seeking from the Court an extension of time to respond. FED. R. CIV. P. 36, made applicable to this adversary proceeding by FED. R. BANKR. P. 7036, provides that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). The Trustee served its first Requests for Admissions on AGI on December 17, 2009. (Trustee's Opp'n to Mot. AGI Withdraw Admis. Pursuant to FED. R. CIV. P. 36(b) and FED. R. BANKR. P. 7036(b), at ¶ 2.) While AGI's responses were originally due on January 18, 2010, the Trustee subsequently granted a two-week extension of the deadline to February 1, 2010. (*Id.*) AGI did not serve its responses to the Trustee's Requests for Admission until the evening of February 16, 2010. (*Id.* at ¶ 4.)

**DISCUSSION**

Courts have disagreed about the extent to which FED. R. CIV. P. 36 is a "discovery device." Requests for admission are frequently used near the end of fact discovery and they can serve to narrow and simplify the issues for trial. "The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). The Advisory Committee Notes treat Rule 36 on par with Rules 26-35. *See* FED. R. CIV. P. ADVISORY COMMITTEE NOTES (1946) ("[T]here is no reason why . . . rules [26, 33 and 36]

4

should not be treated alike."); FED. R. CIV. P. 36 ADVISORY COMMITTEE NOTES (1970) ("[T]he procedural operation of the rule is brought into line with other discovery procedures."). Furthermore, "[e]ven though they are not technically discovery requests, requests for admissions have been held subject to discovery cutoff dates." WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2257 (2d. ed. 1994).

AGI recognizes that as a result of its failure to timely respond, it is deemed to have admitted the requests. It seeks to be relieved of that consequence. AGI submitted late responses, admitting some requests, denying others, and objecting to still others (Declaration of Joseph M. Heppt, Esq., dated February 18, 2010 (hereinafter "Heppt Feb. 18 Dec."), Ex. B). The Court has discretion in determining whether admissions resulting from a failure to timely respond should be deemed withdrawn. For example, the district court in *Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 293-94 (S.D.N.Y. 1996), found that "[b]ecause the district court has the power to allow a longer time [to respond under Rule 36(a)], courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely. Therefore, the failure to respond sufficiently in a timely fashion does not require the court automatically to deem all matters admitted." (Internal citations and quotation marks omitted.) The factors to be considered by the court include (a) whether the presentation of the merits will be aided and (b) no prejudice will result to the party obtaining the admission.[1] *Id.;* FED. R. CIV. P. 36(b) ("A matter admitted under

---

[1] The district court in *Weinberger v. Provident Life and Cas. Ins. Co.*, 1999 WL 225537, *1 (S.D.N.Y.1999) indicated that the standard applied for withdrawal of admissions may be more strict where a party simply fails to file any timely response to a Rule 36 request versus a situation in which a party timely responds and seeks to amend its responses after the time for responding has passed. The court "recogniz[ed] the tension" between the Ninth Circuit's decision in *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) and the *dicta* in *Sea-Land Service, Inc. v. Citihope Int'l, Inc.,* 176 F.R.D. 118, 122 n.10 (S.D.N.Y.1997). *Id.* In *Sea-Land Service,* the court noted that "there appears to be some tension between the excusable neglect standard of Rule 6(b)[2][sic] and the arguably less

this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.")

With respect to the first factor to be considered by the court, the *Tripodi* court found that "[t]he presentation of the merits clearly would be served here by permitting defendant to dispute a central issue in this case," where the defendant disputed the admission "[f]rom the very onset of [the] litigation." *Tripodi*, 913 F. Supp. at 294. However, in *American Express Travel Related Servs. Co. v. Ladouceur (In re Ladouceur)*, No. 95-CV-271 (RSP), 1996 WL 596718 at *4 (N.D.N.Y. Oct. 15, 1996), the court declined to withdraw admissions even though the requests for admissions "concern[ed] contested issues" and "facts dispositive of the case," and had been denied in the answer. But, in most cases, unless the admission is trivial, or the facts are largely

---

rigorous standard of Rule 36(b). . . . In any case, the Court is strongly inclined to the view that there is no inconsistency. Rule 36(b) permits the withdrawal or amendment of an admission, thus suggesting that it applies only in circumstances in which a party has filed a timely response to a Rule 36 request but later seeks to change or withdraw its response. Rule 6(b)(2), on the other hand, applies where a party simply fails to file any timely response to a Rule 36 request. There is no reason why a party in that position should have the benefit of the arguably more generous Rule 36(b) standard." However, in *Hadley*, *Tripodi* and *Donovan v. Carls Drug Co.*, 703 F.2d 650, 651-52 (2d Cir. 1983), *rejected on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), where the defendants did not respond timely to the requests for admissions, the courts applied the two-pronged standard for amendment or withdrawal of an admission under FED. R. CIV. P 36(b), not the excusable neglect standard of FED. R. CIV. P. 6(b)(1)(B). *See Hadley*, 45 F.3d at 1348; *Donovan*, 703 F.2d at 651-52; *Tripodi*, 913 F. Supp. at 293-94; *see also* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2257(2d ed. 1994) ("Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(2) for the enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer [sic] should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request."). Here, because the Court determines that AGI does not meet its burden under the less strict two-pronged FED. R. CIV. P. 36(b) test, it does not determine whether the stricter "excusable neglect" under FED. R. CIV. P. 6(b)(1)(B) is more appropriately applied where a party fails to timely respond. Nor does the Court analyze AGI's conduct under the "excusable neglect" standard.

undisputed or subject to simple proof, it can usually be said that merits will be served by permitting a defendant to dispute a central issue in the case. That factor alone does not support relieving a defendant from an admission.

In order to demonstrate prejudice under the second prong, the plaintiff must demonstrate that it detrimentally relied on the admissions, and demonstrate how difficult it would be to obtain evidence with respect to the questions previously deemed admitted. *See Upchurch v. USTNET, Inc.*, 160 F.R.D. 131, 133 (D. Or. 1995); *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). For example, in *Upchurch*, the court found "[defendant] has shown that it will be expensive for him to conduct discovery, but he has not shown that it would be more expensive to conduct discovery today than it would have been at the time that he obtained the admissions. More importantly, [defendant] has made no showing that he is *less able to obtain the evidence required to prove the matters which had been admitted.*" *Upchurch*, 160 F.R.D. at 133 (emphasis in original). The court went on to permit late responses 11 months after the deadline, but determined "[defendant's] failure to comply with the Federal Rules of Civil Procedure, as well as [its] dilatory conduct in failing to obtain leave to file an untimely response to the requests for admissions or to immediately move for withdrawal of its admissions, caused a substantial delay in these proceedings," and awarded attorney's fees to the plaintiff. *Id.* Also, in *Hadley*, the court found that no prejudice would result where the defendant had an opportunity to examine witnesses at trial, even though the plaintiff had limited its questioning during a deposition due to the previous deemed admissions; however, the plaintiff there had also tardily served the Requests for Admissions on the defendant. *Hadley*, 45 F.3d at 1349-50.

Also, the *Tripodi* court found that "plaintiff suffered no prejudice due to its reliance (even assuming it was reasonable) on the deemed admission," because "plaintiff was prepared to (and did) prove up [what was admitted] with evidence . . . ." *Tripodi,* 913 F. Supp. at 294. However, the *Tripodi* court also noted that without counsel (released very shortly after the plaintiff served the Requests for Admissions), the "[d]efendant may not have been aware of the Request for Admission, much less of the consequences of failing to respond to it." *Id.* Judge Preska in *S.E.C. v. Batterman*, No. 00 Civ. 4835 (LAP), 2002 WL 31190171, * 7 n.3 (S.D.N.Y. Sept. 30, 2002), distinguished *Tripodi* on these grounds, and refused to permit the defendants to tardily amend their responses to certain requests for admissions, where "[t]he vast majority of the [defendants'] responses to the RFAs are merely one word responses of 'true' or 'false' or statements that they deny knowledge and information sufficient to form a belief as to the allegation, with extremely limited citations and explanations." Instead, the court deemed the requests admitted, as otherwise "the [plaintiff] would be prejudiced because many of the responses are nonresponsive, and discovery has closed." *Id.* at *7. Here, fact discovery, already extended once, is scheduled to close in two days, and the defendant's persistent delays do not merit withdrawing its admissions and extending the discovery period to permit the Trustee to undertake additional discovery.

Furthermore, "[t]he court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule." *Donovan*, 703 F.2d at 652; *see also Weinberger*, 1999 WL 225537 at*1 (denying withdrawal of admissions, noting that it could occur even if the two factors were present, but also finding that prejudice would result from the failure to be able to take follow-up discovery); *In re Ladouceur*, 1996 WL 596718 at *3-5 ("even if these contentions [of no prejudice] are true . . . the

8

bankruptcy court had the discretion to disregard them and still deem the Request statements admitted . . . even though the result may seem harsh")(internal citation omitted); *SEC v. Thrasher*, No. 92-CV-6987 (JFK), 1996 WL 460148 at *1 (S.D.N.Y. Aug. 13, 1996) (internal citation omitted). The *Thrasher* court deemed Requests for Admissions admitted where the defendant served the responses and objections less than four weeks late and where the delinquent party "proffer[ed] no meaningful explanation for his tardiness or for his failure to seek more time from the court to meet his obligations under Rule 36," which included 339 Requests for Admissions to which to respond, as juxtaposed to only 17 requests at issue here. *S.E.C. v. Thrasher*, 1996 WL 460148 at * 1. In this case as well, AGI's counsel offered no good reasons why AGI failed to timely respond to the Trustee's short set of Requests for Admissions.

One notable exception to Rule 36 admissions is where the requests are manifestly improper, and call for legal conclusions, as "Rule 36, by its express terms, embraces only requests for admissions of fact or of the application of law to fact," and "to force the Defendant to 'admit' [legal conclusions] will only frustrate the purposes for which Rule 36 was drafted." *See Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973) (internal citations and quotation marks omitted). Therefore, while "failure to deny is tantamount to an admission . . . it is equally true under this rule as under the others, that technical considerations will not be allowed to prevail to the detriment of substantial justice." *Id.* A party may object to Requests for Admission when they call "for a conclusion of one of the ultimate issues in the case," even if they related to facts of the case. *See McCarthy v. Darman*, No. 07-CV-3968 (JCJ), 2008 WL 2468694, at *3 (E.D.Pa. 2008)(internal citation and quotation marks omitted).

On the other hand, Requests for Admissions that a party owed fiduciary duties to another have been considered proper "requests as an application of law to facts relevant to the case" and

9

deemed admitted due to a party's failure to respond. *See First Options of Chicago, Inc. v. Wallenstein*, No. CIV. A. 92-5770 (HJH), 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996).[2] Courts have also deemed a request for an admission that an entity is insolvent admitted due to a party's failure to respond. *See Smyth v. Kaufman*, 114 F.2d 40, 42 (2d Cir. 1940); *Walls v. Harrison Signs, Inc. (In re Paradise Valley Holdings, Inc.)*, Bankr. No. 03-34704, Adv. Pro. No. 05-3265 (RS), 2006 WL 3087130, at *3 (Bankr. E.D. Tenn. Oct. 25, 2006); *Seitz v. Yudin (In re Cavelier Indus., Inc.*), No. 99-31737 (DWS), 2002 WL 975868, at *2 (Bankr. E.D. Pa. Apr. 16, 2002). Furthermore, courts have deemed admitted Requests for Admissions that "consideration" has been paid. *See Young v. Boston Scientific Corp.*, No. 2:08-0028 (RLE), 2009 WL 113452, at *3 (M.D. Tenn. Jan. 14, 2009); *U.S. v. Stock*, CV-01-092-E-BLW, 2003 WL 744927, at *12 (D. Idaho Feb. 20, 2003). The Trustee propounded to AGI requests similar to these three categories; AGI's late-filed objections erroneously assert that each of these requests is barred as requesting a legal conclusion.

With respect to the requests that AGI has now admitted (although late with its responses), no issue is presented by the motion. As to those requests that properly asked AGI to admit *facts* or the *application of law to facts*, the Trustee is prejudiced if he must prove the alleged facts at a trial. *Weinberger*, 1999 WL 225537 at*1 (prejudice would result from the failure to be able to take follow-up discovery). Request Nos.1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14 and 17 clearly fall into these categories. In its late responses, AGI essentially admits, in whole or in part, Request Nos. 1, 2, 3, 6, 8, and 13. (Heppt. Dec., Ex. B). AGI untimely objected to Request Nos. 4, 12 and 17 on the grounds that the requests were vague, ambiguous and undefined and, accordingly, it was

---

[2]  Notably, however, the Requests for Admissions in *First Options of Chicago, Inc. v. Wallenstein*, No. CIV. A. 92-5770 (HJH), 1996 WL 729816, *3 (E.D. Pa. Dec. 17, 1996), related to fiduciary duties owed to creditors of an entity not a party to the action. For the reasons explained below, the Court, in its discretion, does not deem admitted a similar admission here with respect to duties owed by Scott Shapiro to creditors, only duties he owed to the debtor S.W. Bach.

10

"unable to admit or deny th[e] request[s] as formulated," (Request Nos. 4, 12), or that it "lack[ed] knowledge or information sufficient to enable it to admit or to deny" the Request (Request No. 17). *Id.* These objections are flimsy at best and there was no reason why AGI could not have objected in a timely fashion on these grounds. While AGI objects to the use of "Accounts" and/or "Transfer" in Request Nos. 5, 7, and 14 as "vague, ambiguous and grossly misleading," it now attempts to assert outright denials. In the context of this case, involving customer brokerage accounts that were transferred from S.W. Bach to AGI, without consideration, there is nothing vague, ambiguous or grossly misleading about those terms. AGI has resisted discovery in this case for months regarding its history of the transfer of brokerage accounts between itself and other firms. In the exercise of its discretion, based on the facts in the record, the Court declines to relieve AGI from its admissions resulting from its failure timely to respond, as the Trustee has demonstrated that at this late date, with the discovery deadline only days away, it is "less able to obtain the evidence required to prove the matters which had been admitted." *See Upchurch*, 160 F.R.D. at 133 (emphasis in original). Like the court in *In re Ladouceur*, this Court declines to withdraw the admissions even though Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14 and 17 arguably "concern contested issues" and "facts dispositive of the case," and at least Request Nos. 3, 5 and 7 have been specifically denied in AGI's Answer. *See* Compl. ¶¶ 13, 14, 98; AGI's Answer ¶¶ 13, 14, 98; *In re Ladouceur*, 1996 WL 596718 at *4.

AGI's assertion that the deposition of AGI's principal, Andrew Sycoff, and general counsel, Revan Schwartz, will take place on February 24 and 25, respectively, is of little comfort where AGI has failed to make these individuals available for depositions for months. Like the defendant in *Thrasher*, AGI has "dragged [its] feet through every step of the discovery process, and . . . [its] belated responses are part of the same pattern." *Thrasher*, 1996 WL 460148 at *2.

11

The facts in Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14 and 17 will be deemed admitted and no evidence may offered by AGI to contest or dispute the facts.

Requests nos. 9, 10, 11, 15 and 16 stand on somewhat different footing. AGI asserted late-filed objections to Request Nos. 9, 10, 11 and 16, arguing that they call for legal conclusions. Request No. 15, to which AGI did not object on that ground, may likewise call for a legal conclusion. The *Williams* court made it clear that "Rule 36, by its express terms, embraces only requests for admissions of fact or of the application of law to fact," and "to force the Defendant to 'admit' [pure legal conclusions] will only frustrate the purposes for which Rule 36 was drafted." *See Williams,* 61 F.R.D. at 144 (S.D.N.Y. 1973). However, based on a careful review of these Requests, the Court does not agree that they call for "pure legal conclusions." Instead, these Requests call for AGI to admit or deny what AGI "knew" regarding Shapiro's fiduciary duties and what AGI "paid" in consideration in exchange for the Transfer of accounts. The Requests also ask AGI to admit or deny that S.W. Bach was insolvent at the time of the transfers. These Requests seek admissions concerning the application of law to the facts in this case, an entirely proper use of Rule 36. *See id.; Smyth*, 114 F.2d at 42; *Young*, 2009 WL 113452, at *3; *U.S. v. Stock*, 2003 WL 744927, at *12; *Wallenstein*, 1996 WL 729816, at *3; *In re Paradise Valley Holdings, Inc.*, 2006 WL 3087130, at *3; *In re Cavelier Indus., Inc.*, 2002 WL 975868, at *2. The withdrawal of these admissions would also prejudice the Trustee in being able to prove his case now that fact discovery is about to close.

However, the Court, in the exercise of its discretion, also finds that Request Nos. 10 and 11 present complex legal questions that go to the heart of one of the claims asserted against AGI in this action, *i.e.*, whether AGI aided and abetted any breach of fiduciary duty by Shapiro. Request Nos. 10 and 11 request that AGI admit that AGI knew that (1) "prior to the Transfer that

12

Shapiro owed fiduciary duties to the creditors of S.W. Bach" and (2) "by completing the Transfer, Shapiro would be breaching his fiduciary duties." The extent, if any, of the fiduciary duties owed by Shapiro, the then-President of the Debtor, an insolvent Georgia corporation with its principal places of business in New York, to its creditors, is a complicated legal question that has been the subject of much state and federal jurisprudence. *See, e.g.*, *Hickman v. Hyzer,* 401 S.E.2d 738, 740 (Ga. 1991) ("[w]hen a corporation becomes insolvent, its directors are 'bound to manage the remaining assets for the benefits of its creditors'")(internal citations omitted); *In re I Successor Corp.*, 321 B.R. 640, 659 (Bankr. S.D.N.Y. 2005)(" claims based on the breach of fiduciary duty to creditors when a company is in the zone of insolvency are derivative of claims of breach of fiduciary duty to the company itself"); *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 94 (Del. 2007) (creditors cannot bring direct (as opposed to derivative) claims for breach of fiduciary duties against the directors of a corporation.) Accordingly, Request Nos. 10 and 11 unacceptably call for legal conclusions relating to ultimate legal issues in the case that should not be decided at this juncture by deemed admission. Therefore, the Court will permit AGI to withdraw its admissions with respect to those requests.

Accordingly, the Court, in the exercise of its discretion, declines to relieve AGI from these admissions resulting from its untimely responses to Request Nos. 9, 15 and 16 .[3] However, the Court deems withdrawn AGI's admissions resulting from its untimely responses to Request Nos. 10 and 11.

---

[3] Furthermore, the Trustee rightfully points out that AGI conceded S.W. Bach's "insolvency" in its second affirmative defense. (ECF # 14 ("AGI agreed to accept the transfer of the customer accounts as part of the regulatory scheme designed to protect customers of brokerage-firms that cease operations due to financial insolvency.").)

13

The record before the Court shows that neither party is entirely free of responsibility for the delays that have been encountered in discovery in this case. With that said, however, it is also quite clear that AGI bears the main responsibility for delays. AGI, through its counsel, has made repeated representations to the Court and, more often still, to the Trustee's counsel (as shown by Exs. 1, 2, 4, 5, 6 and 7 to the Trustee's Mot. Order Granting Limited Extension Fact Disc.) (ECF # 94) about when it would complete or even begin producing documents responsive to requests in this case; in far too many instances, AGI has simply not fulfilled the representations made by its counsel. AGI must bear the consequences of its own actions. Furthermore, many of the items that have only been produced recently pursuant to Rule 34 document requests should have been produced months or years ago in response to the Trustee's Rule 2004 discovery requests. In addition, the Trustee posited only 17 Requests for Admissions to AGI. The Court believes that the evidence is clear and convincing that, without justification, AGI has failed to provide discovery in a timely manner. Unless the Court was willing to provide additional, substantial extensions of time in which to complete fact discovery, the Trustee would be substantially prejudiced by AGI's conduct if AGI was relieved from its admissions. *See Weinberger.*, 1999 WL 225537 at*1.

With respect to the Trustee's request (joined by AGI) to extend the discovery cut-off date by two weeks, the Court will not grant a blanket extension. Paragraph 11 of the Amended Case Management and Scheduling Order, dated January 11, 2010 (ECF # 84) permits the Court to modify the discovery cut-off for good cause shown. Good cause exists where one party has "fail[ed] to comply with various discovery requests by either totally ignoring them or belatedly providing blatantly insufficient responses." *Zimmerman v. 3M Co.*, No. 02-CV-0806E(Sc)(JTE), 2007 WL 521273, *1-2 (W.D.N.Y. Feb. 12, 2007). AGI has consistently refused to respond to

14

the Trustee's discovery requests and make its deponents available for deposition. Furthermore, the Trustee has just recently produced documents which AGI contends it needs to review in advance of deposing defendant Scott Shapiro. Accordingly, the Court will permit the parties' counsel to take and complete the deposition of *pro se* defendant Scott Shapiro on or before 5:00 p.m., Friday, March 5, 2010. No additional depositions or written discovery requests may be served by either party.

## CONCLUSION

For the foregoing reasons, the Trustee's motion to extend the discovery cutoff date by two weeks is **DENIED**, except that the deposition of Scott Shapiro may be taken and completed no later than 5:00 p.m., Friday, March 5, 2010. AGI's motion to withdraw its admissions to the Requests for Admissions is **DENIED**, except for the admissions to Request Nos. 10 and 11 which are withdrawn.

**IT IS SO ORDERED.**

DATED:    February 24, 2010
          New York, New York

                                          /s/Martin Glenn
                                          MARTIN GLENN
                                    United States Bankruptcy Judge